# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID WOLF, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-03-4391 |
| | § | |
| PAUL STRUNK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Pending before the Court is Defendant Hulipas's Motion for Summary Judgment (Docket Entry No. 38). For the reasons explained below, the motion will be GRANTED and this case will be DISMISSED.

## I. BACKGROUND AND PLEADINGS

Plaintiff filed this civil rights complaint and was granted pauper status. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915. Plaintiff is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). Plaintiff sues Paul Strunk, Dr. Owen Murray, D.O., Dr. Larry Largeant, M.D., Dr. Edgar Hulipas, M.D., and Jester III Senior Warden B. Chany. Plaintiff basically claims that Largeant and Hulipas refused Plaintiff adequate and meaningful medical care for injuries to his neck and back, that Strunk, Murray, and Chany failed to rectify Largeant's and Hulipas's failures, and that Hulipas discriminated against Plaintiff based on his race.

In a prior order, this Court dismissed all claims against all Defendants except Plaintiff's claim that Hulipas racially discriminated against him concerning the provision of medical care. (Docket Entry No. 36). The Court retained this claim for further proceedings.

In his complaint Plaintiff stated that some prison personnel are "showing discrimination toward certain races." In his More Definite Statement, Plaintiff elaborated that at some unspecified time in the past, Hulipas once left Plaintiff sitting in the hallway for four hours bleeding from passing a kidney stone because Plaintiff is white. In his sole request for relief in his complaint Plaintiff states: "I only request the adequate care needed for both neck and back injuries, with option for further action later."

## II. SUMMARY JUDGMENT MOTION

A party seeking summary judgment bears the burden of informing the district court of the basis for the motion, and identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries this burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id*. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Matsushita*

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff's claim of racial discrimination by Hulipas is conclusory. Defendants point out the absence of any evidence in the record showing that any TDCJ employee treated Plaintiff differently from a similarly situated prisoner. *See Celotex Corp.*, 477 U.S. at 325 (a moving party does not have to negate matters which are part of the non-movant's burden; the movant may meet its burden by simply pointing out the absence of evidence to meet the non-movant's case). Defendants further point out that Plaintiff has not shown that he suffered from purposeful discrimination that had a discriminatory effect on him. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

Defendants also assert that Hulipas is entitled to qualified immunity. They maintain that because they have shown the absence of a genuine issue of material fact that Hulipas violated Plaintiff's equal protection rights the record fails to show that Hulipas's actions were objectively unreasonable. Thus, Hulipas has shown that he is entitled to qualified immunity.

Plaintiff filed a response to Hulipas's summary judgment motion (Docket Entry No. 40). He does not make any specific factual allegations showing that Hulipas discriminated against him or otherwise raise a genuine issue of material fact on his discrimination claim.

## III. CONCLUSION

Defendant Hulipas is entitled to summary judgment as a matter of law on Plaintiff's racial discrimination claim and Hulipas has shown he is entitled to qualified immunity.

Accordingly, it is ORDERED that Defendant Hulipas's Motion for Summary Judgment (Docket Entry No. 38) be GRANTED. It is ORDERED that Plaintiff's claims of racial discrimination by Hulipas be DISMISSED under FED.R.CIV.P. 56(c) and that Plaintiff's claims of denial of medical care and related claims be DISMISSED under 28 U.S.C. § 1915 (e)(2)(B) for failure to exhaust his administrative remedies on these claims. *See* Docket Entry No. 36. All other pending motions and requests for relief are DENIED as moot.

SIGNED at Houston, Texas, on this 28th day of June, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge